FRANK ALLEN HARRISON v. STATE

No. 29,421. January 8, 1958.

*Shelby K. Long,* Port Arthur, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *W. T. Wood,*

*Jr.,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This appellant was assessed the minimum punishment of a fine of $50 and three days' confinement in jail for driving while intoxicated.

Observing through their rear-view mirror the weaving manner in which appellant was driving his automobile, highway patrolmen pulled to the side of the highway to allow appellant to pass. The patrolmen then pursued and stopped him.

According to the testimony of one of the highway patrolmen, appellant's face was "flushed, and he had urinated upon hisself and his pants *was* unzipped, and he had a heavy odor of alcohol on him." The witness testified that appellant was intoxicated at the time.

Appellant was arrested and carried to what is described as the "sub court house," where he gave a specimen of urine to the patrolman.

The chemist who made an analysis of the specimen testified that it contained twenty-seven one hundredths per cent of alcohol. The county health physician testified that the person who gave the specimen with the alcoholic content noted would be intoxicated at the time he voided the specimen.

No objection was registered to any of the above testimony.

Appellant vigorously denied that he was intoxicated, and introduced corroborating testimony.

Appellant insists that he was entitled to have the jury instructed as to the admissibility of the testimony concerning the result of the chemical analysis of the urine.

If the testimony was not admissible, appellant should have registered his objection thereto at the time it was offered. This he failed to do. As a result of such failure to object, the charge he sought was one upon the weight of the evidence.

Appellant's objection that the specimen of urine was not

sufficiently identified as that given by him is not substantiated by the facts. There was ample and sufficient showing that it was voided by appellant.

The facts being ample and sufficient to warrant the jury's conclusion of guilt and no reversible error appearing, the judgment is affirmed.